IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10561
Summary Calendar
_____

SEARCH INTERNATIONAL, INC.;
KENT LITTLE,

                                                              Plaintiffs-Appellants,

versus

SNELLING & SNELLING, INC.,

                                                              Defendant-Appellee.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:00-CV-2598-R)
_____
December 5, 2001

Before REAVLEY, HIGGINBOTHAM and WIENER, Circuit Judges.

PER CURIAM:[*]

        Plaintiffs-Appellants Search International, Inc. (Search) and Kent Little

appeal the district court's Rule 12(b)(6) dismissal of their complaint.  Kent Little

---

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and his company, Search, own a franchise of a national employee placement company called Snelling & Snelling (Snelling). The franchise agreement between Search and Snelling provides that Search is authorized to operate a Snelling placement service at the single location provided for in the agreement, in Arlington, Texas. Looking to expand its business, Search asked Snelling for permission to open an office at a new location in Richardson, Texas, near north Dallas. Snelling denied the request, and allegedly began preparations to open its own directly owned and operated placement offices ("company stores") in the north Dallas area.

Search filed the present suit against Snelling, alleging a number of state law claims and a violation of § 1 of the Sherman Act, which prohibits unreasonable agreements in restraint of trade. 15 U.S.C. § 1. Snelling filed a 12(b)(6) motion to dismiss the federal and state antitrust claims, which were the only claims not subject to the franchise agreement's arbitration provisions. The district court granted Snelling's motion to dismiss because (1) as franchisor and franchisee, Snelling and Search are a single enterprise incapable of conspiring within the meaning of the Sherman Act and, alternatively, (2) Snelling's refusal to grant Search the right to operate in a new location was a unilateral decision, not an agreement.

Dismissals pursuant to Rule 12(b)(6) are reviewed *de novo*. Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 246 (5th Cir. 1997). A motion to dismiss "is

viewed with disfavor and is rarely granted." Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982). Rule 12(b)(6) motions to dismiss may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The district court properly dismissed the Sherman Act claim because Search's pleaded facts show only a unilateral decision by Snelling not to grant Search the right to operate an additional location under the Snelling mark in Richardson.[1] To prevail on a § 1 claim, a plaintiff "must show that the defendants (1) engaged in a conspiracy (2) that produced some anti-competitive effect (3) in the relevant market. Section one applies only to concerted action; unilateral conduct is excluded from its purview." Johnson v. Hosp. Corp. of America, 95 F.3d 383, 392 (5th Cir. 1996) (citations omitted).

Search's opening brief asserts, without authority, that "any action taken by one party in accordance with an unlawful conspiracy to restrain trade that requires the initial agreement of the other party is not a unilateral action." But Search fails to explain why Snelling's refusal to allow Search to open a new office in the franchise

---

[1]Because there was no agreement, the Court does not reach the issue of whether the arrangement between Search and Snelling was horizontal or vertical, or whether franchisors and franchisees are always a common enterprise, incapable of conspiring under the Sherman Act.

system required Search's initial agreement.[2]  Without being licensed to do so under the franchise agreement, Search would not have had the right to use the Snelling name or system in Richardson or anywhere else.  See Tidmore Oil Co., Inc. v. BP Oil Co., 932 F.2d 1384, 1388-89 (11th Cir. 1991) (finding no agreement where oil company refused to approve plaintiff's use of the "Gulf" logo at a new gas station site); Midwestern Waffles, Inc. v. Waffle House, Inc., 734 F.2d 705, 722 (11th Cir. 1984) (holding that there was no restraint of trade when a franchisor refused to allow a franchisee to open a new Waffle House outside of its assigned territory); St. Martin v. KFC Corp., 935 F.Supp. 898, 906 (W.D. Ky. 1996) (finding that KFC's decision not to authorize a new restaurant to a franchisee was unilateral).  Search's own First Amended Complaint acknowledges that "SNELLING may act unilaterally in making its decisions regarding franchise locations."  Search only bargained for the right to a single franchise location.  The portion of the franchise agreement identifying that physical location is better characterized as a recitation of the scope of the license than an agreement in restraint of trade.

---

[2] Although the district court's order expressly identified the absence of an agreement as a basis for dismissal, Search's opening brief makes no attempt to identify the agreement at issue, and its reply brief identifies only "the contractual right to limit franchise locations" as the illegal agreement.  Although the amended complaint cited Snelling's unfair use of Search's client information as an agreement in restraint of trade, Search has never explained how that conduct violates § 1 of the Sherman Act.

Search also argues that the district court erred by failing to consider Search's motion for leave to amend in event that the motion to dismiss was granted. As Snelling notes, this motion was one line of Search's response to the motion to dismiss, and unsupported by substantive briefing. <u>Confederate Mem'l Ass'n, Inc. v. Hines</u>, 995 F.2d 295, 299 (D.C. Cir. 1993) (citations omitted) (holding that such a "bare request" is not a motion within the contemplation of Rule 15(a)). Even if a request of this sort qualifies as a motion for leave to amend, the Court can only conclude from the lack of particularity in Search's briefs on appeal about what facts it would add, its failure to add such facts in its First Amended Complaint, and its admission that location decisions are unilateral, that amendment would be futile.

AFFIRMED.