**Rossi M. POTTS, Appellant**

v.

**HOWARD UNIVERSITY HOSPITAL, Appellee.**

**No. 07–7015.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 7, 2007.

Rossi M. Potts, Upper Marlboro, MD, for Appellant.

Timothy Francis McCormack, Ballard Spahr Andrews & Ingersoll, LLP, Baltimore, MD, for Appellee.

BEFORE: SENTELLE, RANDOLPH, and BROWN, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order, filed January 4, 2007, 240 F.R.D. 14, granting defendant's motion to dismiss be affirmed in part and reversed in part.

The court properly dismissed the intentional breach of contract claim because the Collective Bargaining Agreement upon which this claim was based unambiguously precluded such a claim. *Cf. One–O–One Enterprises, Inc. v. Caruso,* 848 F.2d 1283, 1286 (D.C.Cir.1988) (failure to state a claim for breach of contract where contract clearly precluded such a claim). In addition, because appellant did not name the Union as a defendant and because some of his unsupported allegations on this claim appear to be directed at the Union, those claims were properly dismissed as well for lack of an indispensable party. *See Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 788 (D.C.Cir.1983). The court also properly dismissed appellant's antitrust claim. *Cf. Okusami v. Psychiatric Institute of Washington, Inc.,* 959 F.2d 1062 (D.C.Cir. 1992) (discussing failure to state an antitrust claim). Nor did appellant plead sufficient facts to support a claim of fraud. *Cf. Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1278 (D.C.Cir.1994) (failure to plead fraud with particularity). Lastly, the court properly dismissed the claim pursuant to the Racketeer Influenced Corrupt Organization (RICO). *Cf. Confederate Memorial Ass'n, Inc. v. Hines,* 995 F.2d 295 (D.C.Cir.1993) (discussing failure to state RICO claim). Because the district

court properly dismissed these claims, they are affirmed.

The district court determined "on the face of the complaint" that appellant acted outside of the statute of limitations in filing his Title VII/D.C. Human Rights Act claims, citing 42 U.S.C. § 2000e–5(e)(1) and D.C.Code § 2–1403.04(a), and dismissed those three claims on that basis. But it was not clear from the face of the complaint that appellant in fact acted outside the relevant statute of limitations relative to his sex discrimination, retaliation, and wrongful termination claims. *See Smith–Haynie v. District of Columbia,* 155 F.3d 575, 577–78 (D.C.Cir.1998) (courts are hesitant to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint). Nor does it appear those three claims should have been dismissed for failure to state a claim upon which relief can be granted: "Because racial discrimination in employment is a claim upon which relief can be granted, .... 'I was turned down for a job because of my race' is all a complaint has to state to survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1115 (D.C.Cir.2000) (quoting *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998)).

Accordingly, the sex discrimination, retaliation, and wrongful termination claims are hereby remanded to the district court for reconsideration in light of this order.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.