**Rachel BERNSTEIN, et al., Appellants,**

v.

**John F. KERRY, in his Official Capacity as Secretary of United States Department of State, et al., Appellees.**

**No. 13–5312.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 24, 2014.

Robert Joseph Tolchin, The Berkman Law Office, LLC, Brooklyn, NY, for Appellants.

DOJ Appellate Counsel, Stuart F. Delery, Douglas N. Letter, Esquire, Jaynie Randall Lilley, Ronald C. Machen, Jr., Esquire, Sharon Swingle, U.S. Department of Justice, Washington, DC, for Appellees.

Before: GARLAND, Chief Judge, and TATEL and SRINIVASAN, Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED** and **ADJUDGED** that the decision of the district court be affirmed for the reasons stated by the district court regarding Article III's redressability requirement. *See Bernstein v. Kerry,* 962 F.Supp.2d 122, 129–30 (D.D.C.2013) (explaining that Bernstein's "belief that a change in [U.S. foreign aid] policy would reduce the threat of terrorism is, at best, mere speculation").

Appellants' other argument—that although they never sought leave to amend their complaint, the district court nonetheless erred in failing to provide leave—likewise fails. *See Kowal v. MCI Communications Corporation,* 16 F.3d 1271, 1280 (D.C.Cir.1994) (explaining that where plaintiffs "failed to move to amend their complaint, ... it 'could hardly have been an abuse of discretion for the District Court not to have afforded plaintiffs such leave *sua sponte*'" (footnote and alteration omitted) (quoting *Confederate Memorial Association, Inc. v. Hines,* 995 F.2d 295, 299 (D.C.Cir.1993))).

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. R. 41.