# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-7052

**September Term, 2024**

FILED ON: OCTOBER 29, 2024

HEPING LI, *ET AL.*,

APPELLANTS

v.

KEQIANG LI, *ET AL.*,

APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-02008)

Before: SRINIVASAN, *Chief Judge*, HENDERSON, AND KATSAS, *Circuit Judges*

## JUDGMENT

This appeal was considered on the briefs and the district-court record. The Court has fully considered the issues and determined that a published opinion is unwarranted. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** that the judgment of the district court be **AFFIRMED**.

I

Three individuals of Chinese origin—Heping Li, Yanlan Huang, and Xiaogang Shi—sued various Chinese officials and the Industrial and Commercial Bank of China, Ltd. (ICBC) for property seizures, imprisonment, and torture that allegedly occurred in China. The complaint alleges the following facts, which we assume are true for purposes of our decision.

The Chinese government arrested Li in 2002, imprisoned and tortured him, and attempted to coerce a confession that he bought real estate with money that he and Huang had embezzled. Assisted by the ICBC's Guilin, China branch, the Chinese government auctioned off these properties in 2003 for a fifth of their value. Li was sentenced to life imprisonment in 2004, but later exonerated. The Chinese government eventually compensated Li for his wrongful detention, but not for the confiscation and sale of his properties. In 2002 and 2018, the Chinese government confiscated a real estate company and other property owned by Huang. It also confiscated Shi's

real estate in 2016 and his bank deposits on some unspecified date. Huang became a United States citizen in 2020. Shi is also a citizen but does not say when he became one.

Li, Huang, and Shi sued various named and unnamed Chinese government officials, plus the ICBC, for the seizure or sale of their property in China. Li also sued for his imprisonment and alleged torture. Plaintiffs seek prospective relief and damages.

The district court dismissed claims against the Chinese officials as jurisdictionally barred by the Foreign Sovereign Immunities Act. The ICBC moved to dismiss the claims against it on various grounds, including lack of personal jurisdiction and the act-of-state doctrine. The district court dismissed claims against the ICBC on the latter ground.

II

A

The FSIA generally divests United States courts of subject-matter jurisdiction over suits against foreign sovereigns. 28 U.S.C. § 1604. It is unclear when, if ever, the FSIA affords immunity for claims against foreign officials as opposed to claims against foreign sovereigns themselves. *See Samantar v. Yousuf*, 560 U.S. 305, 325 (2010). But we need not address that question in this case. Claims that a court has jurisdiction, unlike claims that jurisdiction is lacking, are subject to forfeiture. *See Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. Cir. 2019). Here, plaintiffs press only one theory of jurisdiction for their claims against the Chinese officials—that FSIA exceptions apply. Accordingly, we consider only that theory.

The district court correctly held that none of the claimed exceptions applies. The terrorism exception does not apply because China is not a designated state sponsor of terrorism. 28 U.S.C. § 1605A(a); *State Sponsors of Terrorism*, U.S. Dep't of State, https://www.state.gov/state-sponsors-of-terrorism. The existing-treaty exception, 28 U.S.C. § 1604, does not apply because the treaties plaintiffs cite "do not create private rights of action" in United States courts and thus do not supersede the FSIA. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 442 (1989); *see Omar v. McHugh*, 646 F.3d 13, 17 (D.C. Cir. 2011) (Convention Against Torture); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734–35 (2004) (International Covenant on Civil & Political Rights and Universal Declaration of Human Rights); *Medellín v. Texas*, 552 U.S 491, 506 (2008) (United Nations Charter). Moreover, the United States never ratified the forced-labor treaty that the plaintiffs invoke. International Labor Organization Convention No. 29 Concerning Forced or Compulsory Labor (June 28, 1930), 39 U.N.T.S. 55.

Finally, the expropriation exception does not apply. As relevant here, it requires that (1) property was taken in violation of international law, and (2) the property or property exchanged for it is present in the United States in connection with a domestic commercial activity. 28 U.S.C. § 1605(a)(3). Plaintiffs falter on both prongs. First, under the "domestic takings rule," there is no international-law violation when a country takes "property belonging to its own citizens within its own borders." *Federal Republic of Germany v. Philipp*, 592 U.S. 169, 176 (2021). All of the disputed takings in this case occurred within China. And although Huang and Shi allege that they are currently United States citizens, none of the plaintiffs disclaimed being a Chinese citizen at the time of the takings. In any event, plaintiffs nowhere allege that any of their seized property—or property exchanged for it—is present in the United States in connection with China's

2

commercial activity. *See Schubarth v. Federal Republic of Germany*, 891 F.3d 392, 394–95 (D.C. Cir. 2018).

B

The district court dismissed claims against the ICBC under the act-of-state doctrine, but we affirm based on a lack of personal jurisdiction. Plaintiffs "must make a *prima facie* showing of the pertinent jurisdictional facts." *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (cleaned up). But here, plaintiffs' jurisdictional allegations as to the ICBC are sparse. Their main allegation is that its Guilin, China branch assisted the Chinese government in wrongfully selling plaintiff Li's property. Plaintiffs also accuse the ICBC of aiding or ratifying Li's false imprisonment and torture, but they allege no specific facts about the ICBC's involvement in those activities.

To contest personal jurisdiction below, the ICBC submitted a declaration from a legal officer explaining that it is incorporated and headquartered in China, with only one U.S. branch in New York City. These undisputed facts show that the ICBC is not subject to general jurisdiction in the District of Columbia. *See Daimler AG v. Bauman*, 571 U.S. 117, 137–38 (2014). As for specific jurisdiction, the District's long-arm statute permits the exercise of jurisdiction over a corporation "as to a claim for relief arising from" its "transacting any business in the District." D.C. Code § 13-423(a)(1). But any such claims must arise "from the particular transaction of business" in the District. *See World Wide Minerals, Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1168 (D.C. Cir. 2002). Here, the claims against the ICBC arise from actions that it allegedly took in China to sell property in China. And even if we charitably construed the complaint as alleging that the ICBC conspired with the other defendants, plaintiffs would fare no better. Personal jurisdiction is still lacking because plaintiffs do not allege that the ICBC engaged in any overt acts in furtherance of the conspiracy within the District. *See Second Amend. Found.*, 274 F.3d at 524.

C

Finally, plaintiffs complain that the district court should have allowed them to amend their complaint. But they never moved to amend under Federal Rule of Civil Procedure 15(a). Instead, they mentioned amendment only in opposing the ICBC's motion to dismiss. Because a "bare request in an opposition to a motion to dismiss … does not constitute a motion within the contemplation of Rule 15(a)," the district court permissibly denied leave to amend. *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993).

III

For these reasons, we affirm the dismissal of the complaint. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

3

**Per Curiam**

                            **FOR THE COURT:**
                            Mark J. Langer, Clerk

BY:    /s/
          Daniel J. Reidy
          Deputy Clerk