Lorelyn Penero MILLER, Plaintiff,

v.

Warren CHRISTOPHER, Secretary of State, Defendant.

Civ. A. No. 93–1182(RCL).

United States District Court, District of Columbia.

April 29, 1994.

Traci L. Kenner, U.S. Atty. Office, Tyler, TX, for Sec. of State Warren Christopher.

Donald R. Patterson, Tyler, TX, for Lorelyn Penero Miller.

## MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

This matter comes before the court on defendant's motion to dismiss the complaint pursuant to 12(b)(1) of the Federal Rules of Civil Procedure. Upon consideration of the filings of counsel and the relevant law, defendant's motion to dismiss is GRANTED in accordance with this Memorandum Opinion and Order. This case is hereby DISMISSED.

Plaintiff, Lorelyn Penero Miller, was born in the Republic of the Philippines on June 20, 1970. Her mother is a Philippine national, and her father, Charlie Miller, is an American citizen.[1] The birth record reflects, however, that plaintiff was born "illegitimate," and a father's name and nationality does not appear in the record. See Def.'s Mot. to Dismiss, Ex. A.

In November, 1991, when she was twenty-one years old, plaintiff first filed an application for registration and documentation as a United States Citizen with the American Embassy in Manila. The application was denied in March, 1992. This decision was upheld in November, 1992 by Thomas W. Callow, Acting Director of the Office of Citi-

---

1. On July 27, 1992, a Texas court entered a "voluntary paternity decree" declaring that Lorelyn Penero Miller is the child of Charlie R. Miller. Ms. Miller was twenty-two years of age at that time. See Pl.'s Mot. for Leave to File Supplemental Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss, Ex. 1.

zen Consular Services of the United States Department of State.

Plaintiff initiated this civil action in the United States District Court for the Eastern District of Texas. After the defendant moved to dismiss or, in the alternative, to transfer venue, plaintiff filed an amended complaint adding her father, Charlie Miller, as a co-plaintiff. The district court dismissed the claims of plaintiff Charlie Miller and ordered that the case be transferred to this jurisdiction where venue over Lorelyn Penero Miller's claims would be proper. *Lorelyn Penero Miller v. Secretary of State, Warren Christopher*, No. 6:93CV39, (Order of E.D.Tex., June 2, 1993).

■■■ The Fourteenth Amendment provides, "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." U.S. Const. amend. XIV, § 1. Accordingly, plaintiff does not have a constitutional right under the Fourteenth Amendment to acquire citizenship. Moreover, plaintiff's father, Charlie Miller, has no constitutional right to transmit citizenship. *Rogers v. Bellei*, 401 U.S. 815, 830, 91 S.Ct. 1060, 1068–69, 28 L.Ed.2d 499 (1971). Plaintiff, therefore, must meet statutory requirements in order to acquire U.S. citizenship.

8 U.S.C. § 1409(a) sets forth the requirements for the acquisition of citizenship by a child born out of wedlock whose father is a U.S. citizen. As originally enacted, the paternity of the child born outside of wedlock to a father possessing U.S. citizenship must have been established by legitimation while the child was under the age of twenty-one. Legitimation could take place under the laws of the child's domicile or that of the father.

In 1986, § 1409(a) was amended and now contains the following provision:

(a) The provisions . . . shall apply as of the date of birth to a person born out of wedlock if—

(1) a blood relationship between the person and the father is established by clear and convincing evidence,

(2) the father had the nationality of the U.S. at the time of the person's birth,

(3) the father (unless deceased) has agreed in writing to provide financial support for the person until the person reaches the age of 18 years, and

(4) while the person is under the age of 18 years—

(A) the person is legitimated under the law of the person's residence or domicile,

(B) the father acknowledges paternity of the person in writing under oath, or

(C) the paternity of the person is established by adjudication of a competent court.

8 U.S.C. § 1409(a) (1988).

Individuals such as Lorelyn Penero Miller, who were at least 15, but under 18, as of the date of the 1986 amendment of § 1409(a) may elect to apply either version of § 1409(a). Plaintiff's application was denied for failure to establish her legitimation prior to her twenty-first birthday and for failure to meet the requirements of § 1409(a)(3)–(4).

Plaintiff does not contend that she satisfied the requirements of 8 U.S.C. § 1409(a) for purposes of a grant of U.S. citizenship.[2] Rather, plaintiff alleges that the distinction between "legitimate" and "illegitimate" children is an unconstitutional violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. *See* Pl.'s First Am. Compl., ¶ XII, § 1. She therefore requests that the court declare her a citizen of the U.S. *See* ¶ XVII, § 2.

---

**2.** Plaintiff filed a motion for leave to file supplemental memorandum of points and authorities in opposition to defendant's motion to dismiss in which she urges this court to interpret the voluntary paternity decree, *supra* note 1, which legitimated the plaintiff effective retroactively to her date of birth for the purpose of state law, as establishing the paternity of the plaintiff while she was under the age of eighteen years. The

effect, the plaintiff argues, is that she now meets the requirements of § 1409(a)(4)(A). This court, however, agrees with the State Department's conclusion that a child born out of wedlock must be legitimated prior to her eighteenth birthday in order to meet the statutory requirements. *See* Pl.'s Mot. for Leave to File Supplemental Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss, Ex. 2.

Defendant alleges, on the basis of the pleadings now before the court, that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because plaintiff lacks standing to adjudicate such a claim. The law is well settled that the party invoking federal jurisdiction bears the burden of establishing the following essential elements of the constitutional requirement of standing:

1. The plaintiff must have suffered an injury in fact—an invasion of a legally protected interest—which is concrete and particularized, and actual or imminent;

2. There must be a causal connection between the injury and the conduct complained of; and

3. It must be likely, as opposed to speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, —— U.S. ——, ——, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).

Defendant does not contest that plaintiff has suffered an injury, nor that the injury was caused by the conduct at issue. Indeed, plaintiff has suffered an injury in that she has been denied U.S. citizenship for failing to meet the statutory requirements of 8 U.S.C. § 1409(a). Furthermore, there is a causal connection between this injury and her complaint that the statute is unconstitutional. However, defendant argues that plaintiff has failed to demonstrate any redressable injury. This court agrees.

In *INS v. Pangilinan*, the Supreme Court determined that the courts do not have the power to confer citizenship in the absence of statutory authority. The Court stated, "once it has been determined that a person does not qualify for citizenship, ... the district court has no discretion to ignore the defect and grant citizenship." *INS v. Pangilinan*, 486 U.S. 875, 884, 108 S.Ct. 2210, 2216, 100 L.Ed.2d 882 (1988). Even if this court should conclude that 8 U.S.C. § 1409(a) is unconstitutional, this court could not grant citizenship to plaintiff. As defendant notes, this could only be accomplished by legislative action. Only Congress has the power to confer citizenship to persons not constitutionally entitled to citizenship.

Therefore, this court concludes that plaintiff lacks standing because she does not meet the redressability requirement.

Accordingly, it is hereby ORDERED that defendant's 12(b)(1) motion to dismiss is GRANTED. It is further ORDERED that this case is DISMISSED.

It is further ORDERED that the plaintiff's motion for leave to file supplemental memorandum of points and authorities in opposition to defendant's motion to dismiss is GRANTED. The clerk shall also file plaintiff's "Comments on Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss" as a surreply.

SO ORDERED.