# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2013

Lyle W. Cayce
Clerk

No. 12-41458
Summary Calendar

JESSICA GARCIA,

Petitioner - Appellant

v.

PORT DIRECTOR MICHAEL T. FREEMAN; JOHN KERRY; JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; UNITED STATES OF AMERICA; ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondents - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CV-83

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jessica Garcia applied for a United States passport in May 2009. The Department of State (DOS) denied her application and Garcia filed this action under 8 U.S.C. § 1503(a), which provides for declaratory relief from a final agency determination denying any right or privilege as a national of the United States upon grounds of citizenship. Shortly after discovery closed in May 2012,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

however, DOS determined Garcia met her burden of proof to establish her United States citizenship and issued her a passport card.  As a result, DOS moved to dismiss this action on the grounds that the issuance of the passport card mooted Garcia's claim for a declaration of citizenship under § 1503(a).  Garcia challenges the district court's granting the motion to dismiss.

Garcia contends the court erred in concluding her action was moot simply because DOS issued her a passport card.  She maintains she still has a concrete interest in the outcome of the litigation in that she seeks to obtain a declaration of United States citizenship that will not expire and can only be rescinded or modified pursuant to Federal Rule of Civil Procedure 60.  Finally, she maintains such a declaration of citizenship would be meaningful relief if granted by the district court.

We review *de novo* the district court's grant of a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  *Zephyr Aviation, LLC v. Dailey*, 247 F.3d 565, 570 (5th Cir. 2001).  Garcia bears the burden of proof to show jurisdiction exists.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

An individual who claims a denial of a right or privilege as a national by any department or independent agency may seek a declaration of citizenship under § 1503(a). 8 U.S.C. 1503(a); *see Nelson v. Clinton,* 2010 WL 5342822, *3 (S.D. Tex. 2010) (explaining § 1503(a) authorized an action by a person within the United States "who claims a denial of a right or privilege as a national, such as the issuance of a passport").  An action under § 1503(a) "may be instituted only within five years *after the final administrative denial* of such right or privilege".  8 U.S.C. § 1503(a)(2) (emphasis added); *see Parham v. Clinton*, 374 F. App'x 503, 504 (5th Cir. 2010) (noting there was no denial of a right or privilege pursuant to § 1503 when a final administrative decision had not been issued).  "The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)."

*Moore v. Hosemann*, 591 F.3d 741, 744 (5th Cir. 2009) (citation omitted). "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Id.* (internal quotation marks and citation omitted).

A district court does not have jurisdiction to review claims under § 1503(a) where plaintiff has not been denied a right or privilege as a national of the United States pursuant to a final administrative determination. *See* § 1503(a); *Parham*, 374 F. App'x at 504. DOS issued Garcia a passport card as a result of its final determination that Garcia met her burden of proof establishing her United States citizenship. Thereafter, Garcia did not have a concrete interest in this action because she did not suffer any harm. In other words, there is no showing that she has been denied any right or privilege as a United States national as a result of DOS' decision to issue her a passport card. This card may be used as evidence of Garcia's citizenship during its period of validity. *See* 22 U.S.C. § 2705(1); *see also Manning v. Rice*, 2008 WL 2008712, *3 (E.D. Tex. May 8, 2008) (explaining that plaintiff suffered no injury under § 1503(a) because she was issued a passport, which serves as evidence of citizenship). Garcia's contention that she still has a concrete interest in obtaining a declaration of citizenship is unavailing; essentially, she seeks an advisory opinion that could be used in the event an official challenges her citizenship in the future. As stated, because DOS issued Garcia a United States passport card, she has not been denied any right or privilege of a United States national. Accordingly, the district court did not err in dismissing this action as moot.

In her reply brief, Garcia concedes she is not asserting that an exception to the mootness doctrine applies. She has abandoned any challenge to the district court's holding on these exceptions by failing to brief the issue on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (citing Fed. R. App. P. 28(a)(4)).

AFFIRMED.