**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————

No. 13-40166
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2013

Lyle W. Cayce
Clerk

VERONICA MARTINEZ DE ESPARZA,

Petitioner - Appellant

v.

JOHN KERRY, Secretary of State; UNITED STATES OF AMERICA,

Respondents - Appellees

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CV-24

———————

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Veronica Martinez de Esparza applied for a United States passport in June 2008. After the Department of State (DOS) denied her application, in 2009 Martinez filed this action under 8 U.S.C. § 1503(a), which provides for declaratory relief from a final agency determination denying any right or privilege as a national of the United States, upon grounds of citizenship. In November 2012, DOS determined Martinez met her burden of proof to establish her United States citizenship and issued her a passport. As a result, DOS moved to dismiss this

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action on the grounds that the issuance of the passport mooted Martinez' claim for a declaration of citizenship under § 1503(a).  Martinez challenges the district court's granting the dismissal motion.

Martinez contends the district court erred in concluding her action was moot because DOS issued her a passport.  She contends that DOS and Border Patrol Agents have the authority to revoke or confiscate a passport without prior notice or hearing. For that reason, she maintains she has a concrete interest in obtaining a declaration of citizenship under § 1503(a), which will not expire and can only be rescinded or modified pursuant to Federal Rule of Civil Procedure 60.

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is reviewed *de novo*.  *E.g.*, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Martinez bears the burden of proof to show jurisdiction exists.  *Id*.

"An individual who claims a denial of a right or privilege as a national by any department or independent agency may seek a declaration of citizenship under § 1503(a)." *Garcia v. Freeman,* No. 12-41458, 2013 WL 5670856, at *1 (5th Cir. 18 Oct. 2013) (citation omitted); 8 U.S.C. § 1503(a).  Actions under § 1503(a) "may be instituted only within five years *after the final administrative denial* of such right or privilege". *Garcia*, 2013 WL 5670856, at *1 (quoting 8 U.S.C. § 1503(a)(2) (emphasis added)) (citation omitted). "The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *Id*. (quoting *Moore v. Hosemann*, 591 F.3d 741, 744 (5th Cir. 2009)).  "Generally, any set of circumstances that eliminates [the] actual controversy after the commencement of a lawsuit renders that action moot." *Id*.   (In her reply brief, Martinez concedes she is not asserting that an exception to the mootness doctrine applies.)

"A district court does not have jurisdiction to review claims under § 1503(a) where plaintiff has not been denied a right or privilege as a national of the United States pursuant to a final administrative determination." *Id*. (citations omitted).

No. 13-40166

Martinez has not shown she was denied a right or privilege as a United States national as a result of DOS' decision to issue her a passport because it may be used as evidence of her citizenship during its period of validity. *Id.* (citations omitted). Martinez' contention that she still has a concrete interest in obtaining a declaration of citizenship fails for the same reason the plaintiff's contention in *Garcia* failed. "[E]ssentially, she seeks an advisory opinion that could be used in the event an official challenges her citizenship in the future". *Id.* DOS issued Martinez a United States passport, and, therefore, she has not been denied a right or privilege of a United States national.

AFFIRMED.