# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40688
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2020

Lyle W. Cayce
Clerk

MARIA GUADALUPE VILLARREAL; ANA MARIA VILLARREAL,

      Plaintiffs – Appellants,

v.

PETRA HORN, Port Director, United States Customs and Border Protection; MIKE POMPEO, SECRETARY, U.S. DEPARTMENT OF STATE; CHAD F. WOLF, ACTING SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; UNITED STATES OF AMERICA

      Defendants – Appellees,

*************************************************************************

ANA MARIA VILLARREAL; MARIA GUADALUPE VILLARREAL,

      Plaintiffs – Appellants,

v.

PETRA HORN, Port Director, United States Customs and Border Protection; MIKE POMPEO, SECRETARY, U.S. DEPARTMENT OF STATE; CHAD F. WOLF, ACTING SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; UNITED STATES OF AMERICA

      Defendants – Appellees,

Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. 1:15-CV-111 and 1:16-CV-267

No. 18-40688

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Ana Villarreal and Maria Villarreal appeal the dismissal of their lawsuit against the United States. The Villarreals allege they are U.S. citizens but were prevented from entering the United States because the government improperly revoked Ana's passport and denied Maria's passport application. The district court dismissed their claims.

We first must assure ourselves of our jurisdiction. *See Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). The government argues that it already issued a passport to Ana Villarreal, making her claims moot. *See De Esparza v. Kerry*, 548 F. App'x 216, 217–18 (5th Cir. 2013); *Garcia v. Freeman*, 542 F. App'x 354 (5th Cir. 2013). But Ana also sought a judicial declaration of citizenship in her complaint. So, even if there is "no longer any actual controversy between the parties about" the revocation of her passport, a controversy could still exist over her request for a judicial declaration of citizenship. *Alvarez v. Smith,* 558 U.S. 87, 92 (2009). Thus, her claim for a declaration of citizenship may not be moot.

Nevertheless, we lack jurisdiction because Ana's complaint did not establish that she had standing to seek a judicial declaration of citizenship. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (noting a court must make inquiries into both standing and mootness). Her complaint only alleges that she requested the judicial declaration because the government could revoke or deny her a passport in the future. Ana alleges the government has a "propensity to engage in questionable tactics of revoking" a passport during

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 18-40688

litigation. And the government might "refus[e] to renew" her passport once it expires in the future. But allegations like these of "*possible* future injur[ies] are not sufficient" for standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quotation omitted). Further, there is no allegation that these "threatened injur[ies]" to Ana Villarreal's passport are "*certainly* impending." *Id.* Since Ana "can only speculate as to how the [government] will exercise[e] their discretion" with a passport she may or may not seek in the future, she lacks standing to seek a judicial declaration of citizenship that is premised on future action relating to that passport. *Id.* at 412. Her claims must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 84 (1998) ("[W]ithout proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit.").

We are left only with Maria Villarreal's claims under the Administrative Procedures Act ("APA"). *See* 5 U.S.C. § 704. The district court dismissed her claims because the APA requires that plaintiffs exhaust other "adequate remed[ies]" prior to filing an APA claim. *Id.*; *Hinojosa v. Horn*, 896 F.3d 305, 310 (5th Cir. 2018). And Maria did not exhaust.

Congress has provided "specific procedures to appeal the denial of a right or privilege as a national of the United States" in 8 U.S.C. § 1503. These procedures apply to passport denials. *Hinojosa*, 896 F.3d at 312. There are two options to seek a remedy under § 1503: (1) if an individual is within the United States, she may seek a judicial declaration of citizenship; or (2) if an individual is outside the United States, she may apply for a certificate of identity from a diplomatic or consular officer, which would allow her to "travel[] to a port of entry in the United States and [then] apply[] for admission." 8 U.S.C. § 1503(a)–(c); *Hinojosa*, 896 F.3d at 312. This Court has previously held that if a plaintiff fails to exhaust these procedures, then the plaintiff fails to meet

3

No. 18-40688

the APA's exhaustion requirement. *Hinojosa* 896 F.3d at 313. Since Maria has not exhausted, the district court rightly dismissed her claim.

We disagree that it would be "unconscionable" to make Maria exhaust the § 1503 procedures. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (noting an exception to APA exhaustion in "extraordinary circumstances"). Maria has pointed to no allegations that make her circumstances any different than those faced by the plaintiffs in *Hinojosa* or make them otherwise extraordinary. Nor can she rely on *Rusk v. Cort*, 369 U.S. 367 (1962), *abrogated in part by Califano v. Sanders*, 430 U.S. 99 (1977), to excuse her non-exhaustion. We've noted that *Rusk* has only limited application—principally in cases of "extreme burden." *Hinojosa*, 896 F.3d at 313. A plaintiff cannot demonstrate this "extreme burden" when she "has not been criminally indicted and . . . does not risk incarceration upon arrival" at the border. *Id.* at 314. Since Maria Villarreal has made no such allegations, *Rusk* is inapposite.

We also disagree that the district court erred by (1) not conducting the fact-specific inquiry that *Hinojosa* requires and (2) by not allowing in additional evidence. We have carefully reviewed the district court's opinion, and the record demonstrates that the court's thorough treatment of Maria's case is fully consistent with *Hinojosa* and, in all events, does not constitute reversible error.

Ana Villarreal's claims are DISMISSED for lack of jurisdiction, and, with respect to Maria Villarreal's claims, the district court is AFFIRMED.