**James Thomas PATTERSON, Sr.,**
**Plaintiff–Appellant,**

v.

**Lawrence L. AIKEN, et al.,**
**Defendants–Appellees.**

**No. 87–8299**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 28, 1988.

James Thomas Patterson, Sr., pro se.

June Ann Kirkland, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for Columbia, et al.

Before RONEY, Chief Judge,
VANCE and CLARK, Circuit Judges.

PER CURIAM:

James T. Patterson appeals the district court's assessment of $4,947 in Rule 11 attorney's fees against him. Fed.R.Civ.P. 11. We affirm.

The Rule 11 sanction assessed against Patterson arose out of Patterson's *pro se* filing of a complaint against numerous attorneys, three federal judges, and several film distribution companies. Patterson's seven-count complaint alleged antitrust and constitutional violations by individuals all of whom were somehow involved in four prior related, unsuccessful lawsuits. *See, e.g., NITE v. Buena Vista Distribution,*

748 F.2d 602 (11th Cir.1984) *cert. denied,* 471 U.S. 1056, 105 S.Ct. 2120, 85 L.Ed.2d 484 (1985); *NITE v. Charter Financial Group,* 747 F.2d 1396 (11th Cir.1984) *cert. denied,* 471 U.S. 1056, 105 S.Ct. 2120, 85 L.Ed.2d 484 (1985).

Count V of Patterson's complaint alleged that several attorneys had obstructed justice in the four previous lawsuits by submitting false letters to the court, giving false testimony, concealing relevant evidence, refusing to provide discovery, fabricating documents, threatening and bribing witnesses, promoting bias among the federal judges who heard the cases, and suborning and committing perjury. Count V also alleged that the federal district judges who presided over the cases were biased and ignored evidence of perjury. On Patterson's motion to proceed *in forma pauperis,* the district court dismissed the complaint as frivolous pursuant to 28 U.S.C.A. § 1915(d). *Patterson v. Aiken,* 628 F.Supp. 1068 (N.D.Ga.1985). In dismissing Patterson's complaint, the district court held that Count V was barred by principles of *res judicata* and collateral estoppel because "[Patterson's] arguments respecting the use of perjured testimony, bias on the part of the judges, inability to conduct adequate discovery, and the like, [were] all arguments which either could have been or were raised during the course of [the four previous] lawsuits." *Id.* at 1076. This Court affirmed without opinion. *Patterson v. Aiken,* 784 F.2d 403 (11th Cir.1986).

The district court then granted defendants' motion for Rule 11 attorney's fees concerning the allegations underlying only Count V of Patterson's complaint. As to liability, the district court read Count V of the complaint as a "re-hash" of claims made in prior litigation and held that "[A] man of Patterson's education, given a reasonable amount of time in a law library, could determine that once a judgment has been entered one cannot file another lawsuit to object to the conduct of the first." *Patterson v. Aiken,* 111 F.R.D. 354, 357 (N.D.Ga.1986). The district court thus applied the correct "reasonableness under the circumstances" standard in reviewing Pat-

terson's conduct. *Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir.1987) (*in banc*).

■ Patterson argues in his brief that he conducted sufficient research before filing Count V. But the present Rule 11 does not require a showing of subjective bad faith. The bad faith element is determined by objective standards of reasonableness. *Nesmith v. Martin Marietta Aerospace,* 833 F.2d 1489, 1490 (11th Cir.1987). "The amended rule attempts to deal with the problem [of continued abuses] by building upon and expanding the equitable doctrine permitting a court to award expenses, including attorney fees, to a litigant whose opponent acts in bad faith in instituting or conducting litigation." Advisory Committee note to Rule 11, as amended in 1983. While this standard takes into account the special circumstances that often arise in *pro se* situations, *pro se* filings do not serve as an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir.1986).

■ The district court was within its discretion in imposing Rule 11 sanctions as to a single count of a multiple count complaint, where the effect and cost of that count could be separated from that of the other counts. Rule 11 does not prevent the imposition of sanctions where it is shown that the Rule was violated as to a portion of a pleading, even though it was not violated as to other portions. *Andre v. Merrill Lynch Ready Assets Trust,* 97 F.R.D. 699, 703 (S.D.N.Y.1983).

■ As to amount, the district court based its judgment on the attorney's work in responding to Count V of the complaint. While the defendants never answered Patterson's complaint, they did prepare a response. Defendants' attorneys presented itemized billings, a payment check, calendar entries, time sheets, and prepared draft answers for each of the individual defendants. Based on this evidence the district court was not clearly erroneous in its findings as to the fees incurred for this work.

It was within the court's discretion to impose this amount as a sanction against Patterson under Rule 11. *See Donaldson v. Clark,* 819 F.2d at 1557.

AFFIRMED.