Marcus B. HARRIS, Plaintiff–Appellant,

v.

Walter HEINRICH, David M. Parrish, Benny Baker, Defendants–Appellees.

No. 89–3868
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 27, 1990.

Marcus B. Harris, Tampa, Fla., pro se.

David Farrah, Tampa, Fla., for defendants-appellees.

Before KRAVITCH, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Marcus Harris, a Florida prisoner, filed a *pro se* § 1983 action alleging a violation of his first amendment right to freely exercise his religion. Harris claimed that the prison officials did not accommodate his requests for Islamic religious services, observance of the Islamic fasting holiday period, and Islamic religious literature. For relief, he sought damages and an injunction requiring the defendants to establish an Islamic service.

The district court found that Harris was not denied a reasonable opportunity to pursue his faith compared to the opportunity afforded fellow prisoners to follow other religious. The district court found the complaint was frivolous and dismissed it with prejudice pursuant to 28 U.S.C. § 1915(d). This court affirmed the district court in an unpublished decision.

Defendant Heinrich, Sheriff of Hillsborough County, then moved for sanctions against Harris, noting that the district court found Harris's claim to be frivolous.[1]

The district court granted the motion and Harris now appeals.

Harris argues that his counsel on appeal and the defendants should have told him that the action was frivolous and that the order permitting him to proceed on appeal *in forma pauperis* stated that the appeal was not frivolous, and, therefore, the underlying action could not be frivolous. Heinrich responds that he was only seeking attorney's fees as sanctions under Rule 11 from the date of the filing of the complaint to the date of the dismissal of his complaint, not afterwards, and that Harris's repeated filing of a frivolous claim justified the imposition of sanctions.

Sanctions pursuant to Fed.R. Civ.P. 11 may be imposed against an attorney or a party who files a pleading that (1) has no reasonable legal basis; (2) has no reasonable factual basis; or (3) is filed for an improper purpose. *Thomas v. Evans*, 880 F.2d 1235, 1239 (11th Cir.1989). Rule 11's purpose is to " 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.' " *Id.*, quoting Fed.R. Civ.P. 11, advisory committee note. The decision to impose sanctions is subject to review only for abuse of discretion. *Id.* Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable. *Id.* at 1240. In addition, "[a]n order imposing Rule 11 sanctions should state the *specific* basis of the sanction to allow for meaningful appellate review." *Id.* (emphasis in the original). We note that the district court did not explain why Rule 11 sanctions were appropriate. The district court simply stated that it found that the defendants were "entitled to prevailing party attorney's fees under 42 U.S.C. § 1983 and Rule 11 Sanctions against plaintiff." R1–42 at 1. The absence of specific basis for the imposition of sanctions makes meaningful appellate

1. Heinrich labeled his motion as "Amended Motion for Rule 11 Sanctions against Plaintiff only, and Motion for Prevailing Party's Attorney's Fees." R1–51. It is unclear whether he also intended to proceed under 42 U.S.C. § 1988 for attorney's fees. He stated "Heinrich requests

prevailing party's attorney's fees under 42 U.S.C. § 1983 and/or Rule 11 sanctions...." *Id.* However, on appeal Heinrich argues that he was seeking attorney's fees as sanctions under Rule 11.

review of the order impossible. We, therefore, reverse the award and remand for specific findings by the district court.

The record does contain some indication that sanctions against a *pro se* plaintiff would not be appropriate. First, we note that while the district court dismissed Harris's complaint as frivolous, the court, pursuant to 28 U.S.C. § 1915(a), found that an appeal from the order dismissing the case could proceed as the court could not certify that the "appeal [was] not taken in good faith." R1–41. While subjective bad faith is not a prerequisite to a Rule 11 award, *see Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir.1988), the absence of bad faith is certainly a factor that supports the plaintiff's claim that sanctions are inappropriate. Second, as the defendants point out, Harris somehow obtained volunteer counsel[2] to bring an appeal of the district court's dismissal of his complaint. Harris's appointed attorney was willing to take the case and filed an appellate brief seeking to overturn the dismissal of Harris's claims. The fact that an attorney was willing to take the appeal also supports Harris's argument that it is inappropriate to impose Rule 11 sanctions on him. *Cf.* ABA Model Rules of Professional Conduct 3.1 (a lawyer shall not bring claims unless there is a basis for doing so that is not frivolous). On remand the district court should address this inconsistency.

Sheriff Heinrich argues that he did not seek attorney's fees for the appeal. This argument, however, misses the point. The fact the district court and an attorney thought this case was worthy of an appeal to this court is somewhat inconsistent with the conclusion that it was objectively unreasonable for a *pro se* plaintiff to bring the action. If the action itself was so frivolous so as to support sanctions, no appeal from the order dismissing the case should have been implicitly condoned by the district court or a member of the bar of this court.

The sheriff also points to this court's opinion in *Patterson* as supporting the award of sanctions. In *Patterson*, this court affirmed an award of Rule 11 sanctions against a *pro se* plaintiff after the district court's § 1915(d) dismissal had been affirmed by this court. In *Patterson*, the district court, while dismissing the entire complaint as frivolous under § 1915(d), *see Patterson v. Aiken*, 628 F.Supp. 1068 (N.D.Ga.1985), *aff'd* 784 F.2d 403 (11th Cir. 1986), found that Rule 11 sanctions were appropriate in the case of only one of the counts brought by the plaintiff. *Patterson v. Aiken*, 111 F.R.D. 354 (N.D.Ga.1986), *aff'd* 841 F.2d 386 (11th Cir.1988). While this court affirmed the Rule 11 award in that case, we had the benefit of the district court's specific analysis. While it is true that *Patterson* held that a plaintiff's *pro se* status does not insulate him from Rule 11 sanctions, *see* 841 F.2d at 387, the court did not hold that the case-by-case determination of whether a *pro se* plaintiff's actions in bringing a complaint were objectively unreasonable was somehow unnecessary because the complaint had been dismissed as frivolous under § 1915(d).

The judgment of the district court is REVERSED and the case is REMANDED for proceedings consistent with this opinion.

---

**2.** Harris apparently obtained an attorney through the district court's trial volunteer pro-

gram. *See* Appellee's Brief at 3 & n. 3.