In re Timothy A. THORNTON, d/b/a
Thornton's Millwork, Debtor.

Timothy A. THORNTON, d/b/a/
Thornton's Millwork,
Movant,

v.

Betty J. THORNTON, Respondent.

Bankruptcy No. 5–94–00235.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

April 14, 1997.

Gregory Lyons, Harrisburg, PA, for U.S. Trustee's Office.

Timothy A. Thornton, New Kingstown, PA, Pro Se Debtor.

Betty J. Thornton, Carlisle, PA, Pro Se Respondent.

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

Within this contested matter, the United States Trustee has filed a Motion for Sanctions under Federal Rule of Bankruptcy Procedure 9011 against Timothy A. Thornton.

Originally, a Motion to Hold Creditor Betty J. Thornton in Contempt was filed by Timothy A. Thornton, doing business as Thornton's Millwork. This Motion was filed December 21, 1995 and named the Debtor's ex-spouse, Betty J. Thornton, as the Respondent.

The Motion centered around the alleged violation of the automatic stay by Betty J. Thornton when she "sold the vehicle for an undisclosed sum without obtaining a lifting of the stay." (Motion to Hold Creditor Betty J. Thornton in Contempt ¶ 6.)

Timothy A. Thornton advanced this Motion, pro se.

An answer was filed by Betty J. Thornton, also pro se, denying that a violation occurred.

On February 13, 1996, the Office of the United States Trustee, through counsel, Gregory R. Lyons, Esquire, filed a Motion for Sanctions against Mr. Thornton alleging that "The statement that Mrs. Thornton sold

the car is false." (United States Trustee's Motion for Sanctions Against Timothy A. Thornton ¶ 3.)

This matter came for hearing on March 26, 1996 at which time Timothy A. Thornton, Betty J. Thornton, as well as Attorney Lyons, appeared. At the conclusion of testimony, the Court issued a Bench Order denying Mr. Thornton's Motion against Betty J. Thornton. Nevertheless, the Court held open the Motion for Contempt against Timothy A. Thornton with regard to sanctions under Rule 9011.

Despite further opportunity to the parties to present evidence with regard to the Motion by the United States Trustee against Timothy A. Thornton, no further evidence was offered.

"The signature of an attorney or a party constitutes a certificate that the attorney or party has read the documents; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact...." Federal Rule of Bankruptcy Procedure 9011.

The U.S. Trustee maintains that Mr. Thornton violated Rule 9011 by falsely stating that the vehicle in question was sold. As the testimony developed, the vehicle was not, in fact, sold. Rather, it was apparently conveyed from the dual ownership of the Debtor, Timothy A. Thornton, and his ex-spouse, Betty J. Thornton, to Betty J. Thornton, individually, when she utilized a "power of attorney" that had been theretofore executed by the Debtor.

Contemporaneous with this transfer, Betty J. Thornton placed a lien on that title in favor of her father, securing an antecedent debt owing to her father in the approximate amount of Ten Thousand Dollars ($10,-000.00). The vehicle has generally been inoperable and is stored at her father's premises. All of these transactions appear to have occurred during the pendency of the bankruptcy.

At the time of the hearing, this Court denied the Motion for Sanctions against Betty J. Thornton under 11 U.S.C. § 362(h) inasmuch as it was this Court's understanding that the duty of the co-owner was to transfer property to a Chapter 7 Trustee. 11 U.S.C. § 542. Unfortunately, the United States Trustee's Office has not seen fit to appoint a Chapter 7 Trustee to accept such property and, therefore, the Court concluded that Betty J. Thornton's conduct, in retaining possession of the vehicle, may have been somewhat justified since there was no entity administering the estate.

In now considering whether Timothy A. Thornton should be subject to contempt under Rule 9011, the Court finds some guidance in the case of *Milwaukee Concrete Studios, Limited v. Fjeld Manufacturing Company, Inc.*, 8 F.3d 441 (7th Cir.1993). That court analyzed Rule 11 as designed to deter baseless filings. The court further concluded that isolated factual errors should not be allowed to support a sanction request.

Technically, Mr. Thornton was incorrect when he referred to Betty J. Thornton's transaction as a "sale." Nevertheless, the property was conveyed from her and the Debtor to herself and she allowed it to be encumbered by a substantial lien in favor of her father, who thereafter retained possession. While this may not qualify as a technical sale, it is certainly the equivalent of such.

Although Rule 11 applies to pro se plaintiffs, the court must take into account a plaintiffs pro se status when it determines whether the filing was reasonable. *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir.1990); *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir.1987) ("We recognize that pro se complaints are read liberally, but they still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories."). *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir.1994).

Taking Mr. Thornton's pro se status into account, as well as Ms. Thornton's unauthorized activity with the asset, I conclude that there is insufficient facts to support the United States Trustee's Motion for Sanctions and I, therefore, deny same.