[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10891
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-00800-TWT

CAROLYN BOONE,

                                                                Plaintiff-Appellant,

versus

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,
MCCURDY & CANDLER, LLC,

                                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 30, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

*Pro se* plaintiff-appellant Carolyn Boone appeals the removal to federal court of her complaint alleging violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*., the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq*., the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 et *seq.*, and various state laws. She also challenges the denial of her motion for leave to amend her complaint, the dismissal of her federal claims, the denial of her motion for summary judgment, and the denial of sanctions. For the reasons that follow, we affirm.

In August 2003, Boone obtained a home equity line of credit (HELOC) from Washington Mutual Bank (WAMU). Her line of credit was modified in September 2006. In 2008, the FDIC closed WAMU and placed it in receivership; J.P. Morgan Chase Bank (Chase) acquired WAMU's assets. Thereafter, Chase notified Boone that she was late on her payments and it hired McCurdy & Candler, LLC to handle the non-judicial foreclosure proceedings.

Boone filed a complaint against Chase and McCurdy & Candler in DeKalb County Superior Court, alleging violations of TILA, RESPA, FDCPA, and various state laws. Chase removed the action to federal court and sought its dismissal. While the complaint remained in federal court, Boone moved for leave to amend

her complaint, for sanctions, and for summary judgment.

The district court denied Boone's motions, dismissed the federal claims for failure to state a claim, and remanded the state law claims to the state court. This is Boone's appeal.

I.

We review the subject-matter jurisdiction of the district court *de novo*. *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1242 (11th Cir. 2007). We review the district court's denial of a motion to remand *de novo*. *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1090 (11th Cir. 2002).

District courts have "federal question jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (quoting 28 U.S.C. § 1331). A claim arises under federal law when "the face of the plaintiff's properly pleaded complaint" presents a federal question. *Id.* (quotation omitted). A defendant may remove a claim to federal court "if the case could have been filed in federal court originally." *Id.* A district court may also exercise supplemental jurisdiction over state-law claims that form part of the federal "case or controversy," or, more specifically, "arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468

F.3d 733, 742-43 (11th Cir. 2006); *see* 28 U.S.C. § 1367(a).  But "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  We have stated that "federal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction."  *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1226-27 (11th Cir. 2010) (citations omitted).

A defendant who wants to remove a case from state court to federal court must file a notice of removal "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  Moreover, the Notice of Removal must be signed pursuant to Fed. R. Civ. P. (Rule) 11.  *Id.*  "The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective."  *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008) (citation omitted).  Under Rule 11, a pleading has to be signed "by at least one attorney of record" and state that, by presenting such pleading, the attorney is certifying that the allegations and other contentions have evidentiary support and are not being presented for an improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R.

4

Civ. P. 11(a), (b).

Here, removal to federal court was proper because the district court had subject-matter jurisdiction based on the alleged violations of federal statutes including TILA, RESPA, and FDCPA. In addition, the notice of removal was both timely and technically accurate because Chase's counsel had express permission to sign the notice of removal on McCurdy & Candler's behalf.

## II.

We review *de novo* a "district court's grant of a motion to dismiss under [Rule] 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006) (quotation omitted) (brackets in original). We review an order granting judgment on the pleadings *de novo*. *Cunningham v. Dist. Atty's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010).

Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009). The "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

5

not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations and quotation omitted).

A. TILA claims

TILA requires lenders to make numerous disclosures regarding the terms of the loan and authorizes certain government agencies to enforce its terms. It also gives a borrower a number of private rights of action, including rescission. 15 U.S.C. §§ 1607, 1635, 1638(b)(1), (2). Significantly, TILA permits a borrower whose loan is secured by a "principal dwelling" to rescind the loan transaction entirely within three days of the consummation of the transaction or the delivery of the information and rescission forms containing the required material disclosures, whichever is later. 15 U.S.C. § 1635(a). If a lender fails to deliver the appropriate forms and disclosures, the borrower's right of rescission expires three years after the consummation of the transaction or upon sale of the property, whichever comes first. *Id.* § 1635(f).

TILA also provides an additional specific right to rescission in the face of a judicial or non-judicial foreclosure, but this right is subject to the same three-year limitation period. *Id.* § 1635(i)(1), (f); *see also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998) (confirming three-year limitations period).

6

In this case, Boone's claim for rescission under the TILA is untimely because she filed her current lawsuit on February 18, 2010, almost four years after her home equity line of credit agreement was modified in September 2006. Therefore, Boone's TILA claim was due to be dismissed.

B. RESPA claim

RESPA prescribes certain actions to be followed by entities or persons responsible for servicing federally related mortgage loans, including responding to borrower inquires. 12 U.S.C. § 2605. Relevant to this case, RESPA requires notification in writing "of any assignment, sale, or transfer of the servicing of the loan to any other person." *Id.* § 2605(b)(1). Such notice must be given within fifteen days of the transfer. *Id.* § 2605(c)(2)(A).

Here, the district court properly dismissed Boone's RESPA claim because she did not provide any details to explain how Chase violated the Act nor provide any factual allegations in support of her claim.

C. FDCPA claim

Congress enacted the FDCPA to (a) stop debt collectors from using abusive debt collection practices, and (b) protect consumers against debt collection abuses. *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009). The FDCPA provides a civil cause of action against any debt collector who fails to

comply with its requirements. *Id.* If a consumer notifies the debt collector in writing, within 30 days after receipt of an initial notice of debt, that the debt is disputed, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt." 15 U.S.C. § 1692g(b). An action under the FDCPA must be brought "within one year from the date on which the violation occurs." *Id.* § 1692k(d).

The district court properly dismissed Boone's FDCPA claim. Although Boone claimed that the defendants violated the FDCPA because they refused to cease debt collection activities after she disputed the debt and engaged in deceptive means to collect a debt, she failed to plead sufficient facts necessary to state a claim for relief under the FDCPA.

### III.

We review a district court's decision regarding sanctions under 28 U.S.C. § 1927 and Rule 11 for an abuse of discretion. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009); *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995).

Section § 1927 contains three essential requirements: (1) unreasonable and vexatious conduct; (2) that conduct must multiply the proceedings; and (3) the amount of the sanction must bear a "financial nexus to the excess proceedings."

*Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).

Rule 11 permits imposing sanctions on a party that files a pleading that (1) is in bad faith for an improper purpose, such as harassment, delay, or needlessly increasing the cost of litigation, (2) has no reasonable factual basis, or (3) is based on a legal theory with no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law. Fed. R. Civ. P. 11(b), (c). In analyzing whether Rule 11 sanctions are appropriate, a district court first must determine whether a party's claims are "objectively frivolous" in view of the facts or law. If the court finds they are, it must determine that the person who signed the pleading "should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Jones*, 49 F.3d at 695. Rule 11 does "not require a showing of subjective bad faith. The bad faith element is determined by objective standards of reasonableness." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988).

Here, Boone complains that Chase and McCurdy & Candler should be sanctioned because they filed false documents and submitted exhibits with her un-redacted social security number. We agree with the district court that sanctions were not warranted. Boone has offered no evidence to support her allegation that Chase intentionally filed false statements, or that any inaccuracies arose from an

intent to deceive, harass, or delay Boone. Additionally, when McCurdy & Candler filed a copy of the HELOC loan agreement, it failed to redact Boone's social security number. As soon as it realized the error, it withdrew the exhibit and filed a redacted copy of the agreement. There is no evidence that McCurdy & Candler acted unreasonably or for an improper purpose. Thus, the district court's denial of sanctions was proper.

IV.

We review the denial of a motion to amend a complaint for abuse of discretion, and the underlying legal conclusion of whether a particular amendment to the complaint would have been futile is reviewed *de novo*. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

In this case, the district court properly deferred rulings on Boone's motion for leave to amend her complaint and her motion for partial summary judgment because these motions were not necessary to the court's adjudication of her federal claims. Boone still has the option to present her state-law claims before the state court.

For the foregoing reasons, we affirm the district court.

**AFFIRMED.**