[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10573
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-00091-LAG-TQL

DANIEL ERIC COBBLE,

Petitioner-Appellant,

versus

U.S. GOVERNMENT,
JOHN AND OR JANE DOE,
Baldwin County D.A.,
JOHN AND OR JANE DOE,
Cherokee County D.A.,
JOHN AND OR JANE DOE,
Georgia Department of Corrections Commissioner,
JOHN AND OR JANE DOE,
Cobb County D.A.,
STATE OF GEORGIA,
COBB COUNTY GEORGIA,
CHEROKEE COUNTY GEORGIA,
BALDWIN COUNTY GEORGIA,
JOHN DOE,
U.S. Attorney General,

Respondents-Appellees.

_____

No. 19-10577
Non-Argument Calendar
_____

D.C. Docket No.  1:18-cv-00125-LAG-TQL

DANIEL CASTLEBERRY,

Petitioner-Appellant,

versus

ERLANGER HOSPITAL,

Respondent-Appellee.

_____

No. 19-10578
Non-Argument Calendar
_____

D.C. Docket No.  1:18-cv-00145-LAG-TQL

DANIEL ERIC COBBLE,

Petitioner-Appellant,

versus

U.S. GOVERNMENT,
STATE OF GEORGIA GOVERNMENT,

2

Respondents-Appellees.

_____

No. 19-10583
Non-Argument Calendar
_____

D.C. Docket No.  1:18-cv-00193-LAG-TQL

DANIEL ERIC COBBLE,

Petitioner-Appellant,

versus

JUDGE CHARLES H WEIGLE,
U.S. GOVERNMENT,

Respondent-Appellee.

_____

No. 19-10585
Non-Argument Calendar
_____

D.C. Docket No.  1:19-cv-00012-LAG-TQL

DANIEL ERIC COBBLE,

Petitioner-Appellant,

3

versus

CHEROKEE COUNTY DISTRICT ATTORNEY,
CHEROKEE COUNTY SHERIFF,
U.S. GOVERNMENT,

Respondents-Appellees.

_____

No. 19-10586
Non-Argument Calendar
_____

D.C. Docket No.  1:19-cv-00013-LAG-TQL

DANIEL ERIC COBBLE,

Petitioner-Appellant,

versus

COBB COUNTY DISTRICT ATTORNEY,
COBB COUNTY SHERIFF,
U.S. GOVERNMENT,

Respondents-Appellees.

_____

No. 19-10587
Non-Argument Calendar
_____

D.C. Docket No.  1:19-cv-00014-LAG-TQL

4

DANIEL ERIC COBBLE,

Petitioner-Appellant,

versus

BALDWIN COUNTY SHERIFF,
BALDWIN COUNTY DISTRICT ATTORNEY,
U.S. GOVERNMENT,

Respondents-Appellees.

_____

No. 19-10589
Non-Argument Calendar
_____

D.C. Docket No.  1:19-cv-00018-LAG-TQL

DANIEL CASTLEBERRY,

Petitioner-Appellant,

versus

SUMTER COUNTY SHERIFF,
SUMTER COUNTY JAIL,
DISTRICT ATTORNEY SUMTER COUNTY,
ATTORNEY GENERAL, STATE OF GEORGIA,
US DISTRICT COURT MACON GA, et al.,

Respondents-Appellees.

5

_____

No. 19-10590
Non-Argument Calendar

_____

D.C. Docket No.  1:19-cv-00019-LAG-TQL


DANIEL ERIC COBBLE,

Petitioner-Appellant,

versus

CHEROKEE COUNTY DISTRICT ATTORNEY,
CHEROKEE COUNTY COURT CLERK,
STATE ATTORNEY GENERAL,
CRISP COUNTY SHERIFF,
U.S. GOVERNMENT,

Respondents-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Georgia

_____

(May 29, 2020)

Before GRANT, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Petitioner/Appellant Daniel Cobble[1] ("Cobble") appeals the district court's order dismissing with prejudice, as a sanction, his *pro se* actions, filed pursuant to 28 U.S.C. §§ 2241 and 2254, and 42 U.S.C. § 1983, and the district court's imposition of a two-year anti-filing injunction on future civil actions he seeks to initiate.  On appeal, Cobble seeks to raise three issues.  First, he argues that the district court abused its discretion by notifying him of sanctions in only one of his 15 cases and by dismissing his actions as a sanction, when that action materially deviated from the sanction of which he was warned.  Second, he argues that the district court abused its discretion by not making case-specific findings of frivolity for each case before dismissing them as a sanction.  Third, he argues that the district court abused its discretion by barring him from filing future civil actions for two years.  After reviewing the record and reading Cobble's brief, we affirm the district court's order of dismissal.[2]

I.

We review Fed. R. Civ. P. 11 sanctions for abuse of discretion.  *Kaplan DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003).  "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an

---

[1] In two of the consolidated appeals, Cobble filed under the name "Daniel Eric Castleberry."  *See* Case no. 1:18-cv-00125 and Case no. 1:19-cv-00018.

[2] The Appellees did not file an appellate brief.

unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1216-17 (11th Cir. 2009).

Under Rule 11(b), when an unrepresented party files a pleading in the district court, he certifies that (1) it is not being presented for an improper purpose, (2) its legal contentions are warranted by existing law or a nonfrivolous argument to change the law, and (3) its factual contentions have or likely will have evidentiary support. Fed. R. Civ. P. 11(b)(1)-(3). If the court believes that a party has violated Rule 11(b), it can *sua sponte* order the party to show cause why conduct specified in the order does not violate Rule 11(b). Fed. R. Civ. P. 11(c)(3). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1). We apply a flexible standard in evaluating whether Rule 11's notice requirement has been satisfied, and "in many cases substantial compliance may suffice." *Kaplan*, 331 F.3d at 1257. "The adequacy of notice and [an opportunity to respond] depends, to some extent, on the knowledge the party has of the consequences of his own conduct." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 n. 14 (11th Cir. 2002).

8

In *Mitchell v. Nobles*, we reversed the district court's dismissal as a Rule 11 sanction because it failed to provide the plaintiff with notice, a show cause order, or an opportunity to respond.   873 F.3d 869, 875 (11th Cir. 2017).  In that case, a prisoner filed a 42 U.S.C. § 1983 complaint on a prisoner form which required him to disclose all previous lawsuits, cautioning that failure to do so could result in the dismissal of his case.  *Id.* at 871-72.  He indicated that he had none, and the district court *sua sponte* dismissed his complaint, in part, as a sanction under Rule 11 for falsely representing his litigation history.  *Id.* at 872.  On appeal, we concluded that the district court did not give adequate notice under Rule 11 because it gave no notice at all, "much less a formal order to show cause," or an opportunity to respond.  *Id.* at 875.

In *Kaplan*, we held that the district court erred in imposing Rule 11 sanctions, in part, because there was a material variance between the show-cause notice and the ultimate sanction imposed.  331 F.3d at 1252.  There, DaimlerChrysler, A.G. ("DC"), had filed a motion to exclude derogatory statements in reference to DC as a "Nazi" company.  *Id.* at 1253.  The court found the motion frivolous, denied it as moot, and threatened to impose sanctions unless DC convinced the court that sanctions should not be imposed for the exclusion motion.  *Id.* at 1253-54.  The court subsequently imposed sanctions, adding that sanctions were also warranted because DC had attempted to "bury" its opponent

with other filings. *Id.* at 1254. On appeal, we concluded that there was a material difference between the show-cause notice isolating the exclusion motion as the basis for sanctions and the ultimate sanction order which referred to additional motions. *Id.* at 1257.

Initially, we note that Cobble does not have *in forma* pauperis ("IFP") status to challenge the adequacy of the district court's Rule 11 notice because this court's order granting IFP explicitly stated that he could proceed on appeal only as to "the prospective application of the anti-filing injunction." (CM/ECF for 11th Cir., case no. 19-10573, doc. 25 at 5.) Hence, this issue is barred from review by this court's previous order. Alternatively, we conclude that the district court did not abuse its discretion in notifying Cobble of sanctions in only one of his cases because he knew from the court's previous sanction order that dismissal of all his pending cases could be imposed as a sanction. Applying the flexible standard under which Rule 11 notice requirements are evaluated, Cobble's knowledge of the past consequences of his own conduct was adequate to put him on notice that his pending cases would again be dismissed if he failed to show cause. *See Kaplan*, 331 F.3d at 1257. Moreover, Cobble does not refer to any legal authority requiring the district court to issue separate show cause orders for every single pending case that might be subject to the show cause order, list all cases that might be affected,

or require separate justifications for each pending case.  Accordingly, because we discern no abuse of discretion by the district court, we affirm as to this issue.

## II.

Cobble argues that the district court abused its discretion by not making case-specific findings of frivolity for each case before dismissing them as a sanction.  He contends that the district court erroneously relied upon a sole determination that his *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999 (1971), action was frivolous in deciding that his other cases were also frivolous.  As to his habeas cases, Cobble asserts that the district court's justification for dismissal addressed only his "one claim" for diplomatic immunity, deportation, enforcement of his marriage, termination of pending state court cases, and the arrest of the district judge, and this could not serve as the sole basis for the dismissal of his other actions based on different factual allegations.

"An order imposing Rule 11 sanctions should state the *specific* basis of the sanction to allow for meaningful appellate review."  *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989).  Where a district court imposes sanctions without explaining why they were appropriate, meaningful appellate review is impossible and we will reverse and remand for findings to be made.  *Harris v. Heinrich*, 919 F.2d 1515, 1516-17 (1990) (reversing and remanding where the district court declared, without explanation, that the defendants were entitled to Rule 11

11

sanctions).  Where an appellant argues that the district court dismissed his pending cases as a sanction based solely on a determination that one of them was frivolous, we have held that, "[b]efore we accept an allegation that the district court has not reviewed the dismissed cases, it is incumbent upon the party raising this allegation to come forward with some basis for it." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991).

Initially, we note that like the first issue, Cobble does not have IFP status to challenge the dismissal of his pending cases under the sanction order.  Thus, this issue is barred from review by this court's previous order.  Alternatively, we conclude that the district court did not abuse its discretion in dismissing Cobble's pending cases because it explicitly stated that it reviewed each case and determined that all were frivolous.  The district court specified that all Cobble's habeas petitions sought relief that was frivolous or beyond the court's authority to provide.  Thus, Cobble's arguments on appeal are merely bare conclusory allegations that the district court did not review the dismissed cases, and a mere allegation without evidentiary support does not merit relief.  We also conclude that the district court adequately explained why sanctions were appropriate: Cobble's documented practice of frivolous, vexatious, and duplicative litigation, his inadequate response to the district court's show cause order, and the frivolity of his pending cases.

12

Accordingly, because we discern no abuse of discretion by the district court, we affirm as to this issue.

## III.

Cobble argues that the district court abused its discretion by enjoining him from filing future civil actions, excluding defensive pleadings in a criminal action or a proper application for writ of habeas corpus. We review for an abuse of discretion a district court's imposition of a filing injunction as a sanction. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004) (noting the standard of review for injunctions in general). An abuse of discretion occurs, among other times, if the restriction is unnecessarily broad. *Id.* Where an error by the district does not affect the aggrieved party's substantial rights, the court's decision will not be disturbed. Fed. R. Civ. P. 61.

Prisoners have a constitutional right to access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494 (1977), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174 (1996). That right, however, "is neither absolute nor unconditional," and the right "may be counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings." *Cofield*, 936 F.2d at 517 (quotation marks omitted). While courts may take creative action to discourage hyperactive litigators, they "cannot

13

construct blanket orders that completely close the courthouse doors to those who are extremely litigious." *Id.* at 517.

For example, this court has upheld injunctions (1) requiring prefiling screening of claims, (2) requiring that the litigant obtain leave of the court before filing new actions against his former employer, and (3) directing the clerk to mark any papers submitted by a litigant as received and not to file them unless a judge approved them for filing. *Riccard*, 307 F.3d at 1295; *Cofield*, 936 F.2d at 518; *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991). Conversely, we have struck down injunctions (1) prospectively denying IFP status for all claims, (2) barring the plaintiff from filing future lawsuits unless done through counsel, and (3) applying to filings unrelated to the areas where the litigant had demonstrated a history of abusive litigation. *Miller v. Donald*, 541 F.3d 1091, 1098 (11th Cir. 2008); *Cofield*, 936 F.2d at 518; *Procup v. Strickland*, 792 F.2d 1069, 1071, 1074 (11th Cir. 1986) (*en banc*). This case is akin to the cases in which we have upheld injunctions against litigants.

Although the district court's anti-filing injunction on Cobble's future filings is arguably overbroad, Cobble fails to demonstrate how it effects his substantial rights because the sanction does not completely close the courthouse doors to him. We note that the district court is very familiar with Cobble's history of frivolous and vexatious filings. The district court outlined the process by which Cobble's

14

future filings will be considered.  "[T]he clerk shall receive the papers that [Cobble] submits, open a miscellaneous case number, and forward the documents to the presiding District Judge to determine whether [Cobble] qualifies as indigent and whether he has stated a claim with any arguable merit.  Upon receipt, the Court will read and consider [Cobble's] filings.  Only if a given pleading alleges a plausible claim for relief will the Court allow it to be filed."  (R. Doc. 54 at 6.)  Because Cobble is not foreclosed entirely from filing future actions, and he is able to make proper application for a writ of habeas corpus and file defensive pleadings in criminal cases without any sanction or qualification, Cobble cannot show a deleterious effect on his substantial rights.  Therefore, we discern no abuse by the district court in this regard.

Based on the foregoing, we affirm the district court's order dismissing with prejudice Cobble's actions filed pursuant to 28 U.S.C. §§ 2241, 2254, and 42 U.S.C. § 1983, as a sanction, and the district court's imposition of a two-year anti-filing injunction on future civil actions.[3]

**AFFIRMED.**

---

[3] We deny as moot Cobble's motion to put the court on notice of alternative procedures. (CM/ECF for 11th Cir., case no. 19-10573, doc. 50).

15