[DO NOT PUBLISH]

IN THE UNTIED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11260
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cv-02169-TPB-CPT

JOHN TAYLOR,
Realtor,
TUNYA TAYLOR,
Realtor,

Plaintiffs - Appellees,

vs.

THE MULTIPLAN NETWORK,
CHUBB COMPANY (AMERICA), et al.,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 18, 2020)

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

John and Tunya Taylor, proceeding *pro se*, appeal the district court's dismissal of their complaint with prejudice.  We affirm in part and reverse in part.

## I

The Taylors sought to proceed *pro se* on their *qui tam* claims under the False Claims Act, 31 U.S.C. § 3729, against The Multiplan Network and several other defendants.  Although the district court advised them that they needed counsel for their *qui tam* claims under *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008), the Taylors did not obtain counsel in the four months that followed.  Because *Timson* holds that a district court lacks subject-matter jurisdiction if a *qui tam* claim under the False Claims Act is brought by a *pro se* relator, and because the Taylors did not retain counsel, the district court correctly dismissed their *qui tam* claims.

We acknowledge the Taylors' argument that *Timson* was wrongly decided. But that case binds us until it is overruled or abrogated by the Supreme Court or by the en banc Eleventh Circuit.  *See Smith v. GTE Corp.*, 236 F.3d 1292, 1301-02 (11th Cir. 2001).[1]

The dismissal of the Taylors' *qui tam* claims, however, should have been without prejudice.  As *Timson* explains, a district court lacks subject-matter

---

[1] Insofar as the Taylors challenge the district court's decisions (a) to not appoint counsel for them and (b) to not give them additional time to obtain counsel, we find no abuse of discretion.  *See Lane v. Philbin*, 835 F.3d 1302, 1310 (11th Cir. 2016).

jurisdiction when a *pro se* relator seeks to bring *qui tam* claims under the False Claims Act, and a dismissal for lack of subject-matter jurisdiction is without prejudice because it is not on the merits. *See, e.g.*, *Stalley v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). On remand, the district court will need to convert the dismissal of the *qui tam* claims to one without prejudice.

## II

In their amended complaint, the Taylors asserted not just *qui tam* claims under the False Claims Act, but also 21 other federal and state-law claims against a number of defendants. The district court's order of dismissal did not discuss any of these other claims – jurisdictionally or substantively – but nevertheless dismissed the entire case with prejudice as to the Taylors. *See* D.E. 23 at 2 ("This case is DISMISSED WITH PREJUDICE as to Relators John and Tunya Taylor.").

This was error. First, the district court's lack of subject-matter jurisdiction as to the Taylor's *qui tam* claims under *Timson* did not mean that jurisdiction was absent as to the other federal and state-law claims. Second, the district court did not explain why it lacked jurisdiction over the other claims. Third, the district court did not provide any basis for dismissing those claims on the merits with prejudice. *See Harris v. Heinrich*, 919 F.2d 1515, 1516-17 (11th Cir. 1990) ("The absence of

3

specific basis for [the ruling] makes meaningful appellate review of the order impossible.").

On remand, the district court will need to separately analyze the Taylors' additional 21 claims.  We express no view on those claims at this time.

### III

The district court's order of dismissal is affirmed in part and reversed in part, and the case is remanded for further proceedings.[2]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[2] As to all other issues raised by the Taylors, we summarily affirm.