[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

———————————————

No. 23-11231

Non-Argument Calendar

———————————————

ELIAS MAKERE,
FSA MAAA,

                                   Plaintiff-Appellant,

*versus*

MARTIN FITZPATRICK,
Federal Magistrate US District Court Florida Northern District,
CHARLES J. SCHREIBER, JR.,
Assistant Attorney General,
MARK E. WALKER,
District Judge,
U. S. DISTRICT COURT, NORTHERN DISRTRICT OF
FLORIDA,
Federal Court,

MICHAEL J. FRANK,
Federal Magistrate, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:22-cv-00315-RH-ZCB

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Elias Makere, proceeding *pro se*, appeals the district court's order sanctioning him for filing a frivolous lawsuit. After careful consideration, we conclude that the district court did not abuse its discretion and thus affirm.

**I.**

Makere claims that his former employer, Allstate Insurance Company, discriminated against him on the basis of race and sex. After his termination, Makere filed four petitions with Florida's Division of Administrative Hearings and two complaints with the Florida Commission on Human Relations, seeking redress from Allstate for his termination. Each petition or administrative complaint was dismissed without any relief being granted. Makere

sought review of these decisions by filing appeals and motions for extraordinary writs with Florida's First District Court of Appeal. In each instance, that court either affirmed the administrative decision or denied the motion seeking an extraordinary writ.

Makere also filed employment discrimination actions against Allstate, which were litigated in the federal district court for the Middle District of Florida. Allstate prevailed in those cases.

While the litigation against Allstate was ongoing, Makere filed a lawsuit in the Northern District of Florida against Judge E. Gary Early, an administrative law judge. He alleged that Judge Early violated his civil rights during administrative proceedings by suppressing evidence, committing perjury, and exceeding his jurisdiction. Judge Early was represented by Florida Assistant Attorney General Charles Schreiber. The district court dismissed the action against Judge Early, concluding that he was entitled to judicial immunity. We affirmed the dismissal. *See Makere v. Early*, No. 22-13613, 2023 WL 7130938 (11th Cir. Oct. 30, 2023) (unpublished).

In 2022, while the lawsuit against Judge Early was pending, Makere filed this lawsuit against five federal district court and magistrate judges who had been assigned to his case against Judge Early, the United States District Court for the Northern District of Florida, and Schreiber. He asserted claims against the judges and the Northern District of Florida under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). And he brought claims against Schreiber under 42 U.S.C. §§ 1983 and 1985.

In the operative complaint, Makere alleged that the defendants violated his constitutional rights under the First, Seventh, and Fourteenth Amendments. He asserted that the judges and Schreiber accepted bribes, lied, and participated in an "anti-black pact" aimed at violating his constitutional rights. Doc. 9 at 17.[1] Makere alleged "[u]pon information [and] belief" that each judge had accepted bribes before presiding over the lawsuit against Early and while handling the case. *See, e.g*, *id*. at 18. He also alleged that each judge planned to accept bribes in the future. The complaint contained no additional facts about any of the alleged bribes.

In the complaint, Makere also challenged a Northern District of Florida local rule that generally barred *pro se* litigants from submitting electronic filings. *See* N.D. Fla. Loc. R. 5.4(A)(3). He complained that it was unreasonable for the court to accept electronic filings from attorneys but not from *pro se* litigants. He claimed that this rule "was driven by invidious discrimination on the bases of race and sex." Doc. 9 at 32.

Makere initially filed his complaint in state court. Asserting that he was indigent, he did not pay a filing fee. The defendants removed the action to federal court and then filed motions to dismiss. They argued, among other things, that the court lacked subject matter jurisdiction, the complaint failed to state a claim for relief, no cause of action for damages was available against the

---

[1] "Doc." numbers refer to the district court's docket entries.

judicial defendants and the Northern District of Florida under *Bivens*, and the federal judges were entitled to immunity.

In addition to moving to dismiss, Schreiber moved for sanctions under Federal Rule of Civil Procedure 11. He argued that Makere's claims were frivolous and that the suit was filed to harass the defendants. Schreiber asserted that the lawsuit was part of a pattern in which Makere, after failing to obtain relief against Allstate, filed frivolous suits against anyone involved in the denial of relief. According to Schreiber, Makere's allegations that the defendants had made an "anti-black pact," lied, and accepted bribes were made "without a shred of any factual basis." Doc. 19 at 9.

Schreiber asked the court to enjoin Makere from submitting filings on a *pro se* basis without first obtaining written approval from a senior magistrate judge. Schreiber acknowledged that the court could impose a monetary sanction but argued that this type of sanction "would be meaningless" because Makere reportedly had no income or assets. *Id.* at 21.

The magistrate judge recommended that the district court grant the defendants' motions to dismiss. He concluded that: (1) judicial immunity barred the claims against the judges, (2) sovereign immunity barred the claim against the Northern District of Florida, (3) sovereign immunity barred any claims against Schreiber in his official capacity, (4) Makere lacked standing to seek declaratory and injunctive relief against Schreiber, and (5) Makere failed to state a claim against Schreiber in his individual capacity. Over Makere's objection, the district court adopted the recommendation and

dismissed Makere's claims with prejudice. It expressly retained jurisdiction to address Schreiber's motion for sanctions.

The magistrate judge recommended that the district court impose sanctions against Makere. In assessing whether sanctions were warranted, the magistrate judge considered (1) whether the operative complaint was objectively frivolous and (2) whether Makere was aware that the pleading was frivolous.

The magistrate judge determined that the complaint was objectively frivolous because "[n]o competent attorney or reasonable *pro se* litigant would have believed [the] lawsuit . . . had any likelihood of success or involved a reasonable argument to change the law." Doc. 68 at 4. He explained that the "claims against the judges and the federal court were clearly barred by immunity doctrines and not cognizable under *Bivens*." *Id*. He also found that the "lawsuit was premised on a far-fetched government conspiracy allegation that had no reasonable factual basis." *Id*. at 4–5.

The magistrate judge further found that Makere should have been aware that his claims were frivolous. He explained that "[a]ny reasonable inquiry would have revealed to [Makere] that his claims—especially those against the judicial [d]efendants—had no likelihood of success." *Id*. at 5. Because the claims against Judge Early had recently been dismissed on judicial immunity grounds, the magistrate judge reasoned, Makere had been alerted to the baselessness of his claims against the judges.

The magistrate judge then considered an appropriate sanction. After considering Makere's conduct and his financial

situation, the magistrate judge recommended that the court order Makere to pay a $200 fine to the clerk of court.

Both Schreiber and Makere objected. After considering the parties' objections, the district court adopted the magistrate judge's recommendation except on the issue of the proper sanction. It ordered Makere to pay $400 to the clerk of court as a sanction, noting that this amount was "the same as the filing fee that a plaintiff must pay at the outset if not granted leave to proceed *in forma pauperis*." Doc. 71 at 2. The court directed that until Makere paid the clerk, he could not "file on his own behalf any proceeding in any United States District Court." *Id*. It reasoned that because Makere had "abused the privilege of proceeding *in forma pauperis*," he should pay an amount equal to the filing fee before filing "any further action." *Id*. The court noted that this injunction did not apply to any proceeding in which Makere was represented by an attorney and that Makere could appeal the sanctions order.

This is Makere's appeal.

## II.

We review the imposition of Rule 11 sanctions for an abuse of discretion. *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1310 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or bases the decision upon findings of fact that are clearly erroneous." *Id*. (internal quotation marks omitted).

We liberally construe a *pro se* litigant's pleadings, holding them "to less stringent standards than formal pleadings drafted by

lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

## III.

Federal Rule of Civil Procedure 11 permits a district court to sanction a party. Fed. R. Civ. P. 11(c)(1). Sanctions are appropriate when a party files a pleading that has no reasonable factual basis, is based on a legal theory with no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law, or is made in bad faith or for an improper purpose. *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001).

To sanction a party under Rule 11 for filing a frivolous lawsuit, the district court must find that (1) the claims are objectively frivolous and (2) the person who signed the pleading knew or should have known that the claims were frivolous. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). When the party being sanctioned is a *pro se* litigant, the district court must take "into account [the litigant's] *pro se* status when it determines whether the filing was reasonable." *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990).

Makere challenges the district court's sanctions decision.[2] We hold that the district court did not abuse its discretion in

---

[2] Makere does not challenge on appeal the particular sanction the district court selected—the imposition of a filing injunction that bars Makere, who says he is indigent, from filing "on his own behalf any proceeding in any United States District Court" until he pays $400 to the clerk of court. Doc. 71 at 2. He therefore has abandoned the issue whether the district court abused its discretion

imposing a sanction. First, even considering his *pro se* status, his claims were objectively frivolous. It was clear that the judicial defendants were entitled to judicial immunity and that the Northern District of Florida was entitled to sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (sovereign immunity); *Bolin v. Story*, 225 F.3d 1234, 1241–42 (11th Cir. 2000) (judicial immunity). And after reviewing the substance of the complaint, we agree with the magistrate judge and district court that Makere's claims were premised on a "far-fetched government conspiracy allegation that had no reasonable factual basis." Doc. 68 at 4–5. We also conclude that Makere should have known that his claims were frivolous because no "reasonable *pro se* litigant would have believed [the] lawsuit . . . had any reasonable likelihood of success or involved a reasonable argument to change the law." *Id.* at 4.

**AFFIRMED.**

---

in selecting this particular sanction, and we express no opinion on it. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)).